UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T<small>HOMAS</small> H<small>ORACE</small> L<small>APPIN</small>,

  Petitioner,

  v.

K<small>ENNETH</small> R<small>OMANOWSKI</small>,

  Respondent.

_____/

Case No. 14-cv-14368

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
D<small>AVID</small> R. G<small>RAND</small>

**O<small>PINION</small> A<small>ND</small> O<small>RDER</small> D<small>ENYING</small> T<small>HE</small> M<small>OTION</small> F<small>OR</small> R<small>EHEARING</small> A<small>ND</small>/O<small>R</small> R<small>ECONSIDERATION</small> A<small>ND</small> D<small>ENYING</small> A C<small>ERTIFICATE</small> O<small>F</small> A<small>PPEALABILITY</small> F<small>ROM</small> T<small>HE</small> D<small>ENIAL</small> O<small>F</small> T<small>HE</small> M<small>OTION</small>**

On August 31, 2016, this Court denied the petition for writ of habeas corpus and declined to issue a certificate of appealability. *Lappin v. Romanowski,* No. 14-CV-14368, 2016 WL 4537829 (E.D. Mich. Aug. 31, 2016). Petitioner filed a motion for rehearing and/or a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59 and Eastern District of Michigan Local Rule 7.1(g) on September 14, 2016. Dkt. No. 9. For the reasons that follow, the motion is **DENIED**.

A motion to alter or amend judgment brought by a habeas petitioner pursuant to Rule 59(e) may properly be analyzed as a motion for reconsideration pursuant to Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999). Eastern District of Michigan Local Rule 7.1(h)

-1-

allows a party to file a motion for reconsideration. However, a motion for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Ford Motor Co. v. Greatdomains.com, Inc.,* 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and show that correcting the defect will lead to a different disposition of the case. *See e.g.*, *Taylor v. DaimlerChrysler AG,* 313 F. Supp. 2d 703, 706 (E.D. Mich. 2004); *aff'd* 124 F. App'x. 661 (6th Cir. 2005).

Petitioner claims in his motion that this Court failed to discuss certain facts and information in support of his petition and failed to address certain cases cited to by petitioner in his habeas petition. Petitioner, however, is basically rehashing the same arguments that he made in his original habeas petition and which this Court considered, and rejected, when denying petitioner habeas relief. Petitioner's motion for reconsideration will be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied petitioner's habeas application and declined to issue a certificate of appealability. *Hence v. Smith,* 49 F. Supp. 2d at 553.

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g.*, *Amr v. U.S.,* 280 F. App'x. 480, 486 (6th Cir. 2008) (noting that appellate review of a petitioner's § 2255 motion is limited to those issues specified in the certificate of appealability). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

## ORDER

Accordingly, the Court **DENIES** the Motion for Rehearing and/or Motion for Reconsideration, Dkt. No. 9.

The Court further **DENIES** a certificate of appealability.

Dated:   October 31, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge